IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lynwood Bernard Thompson, | C. A. No. 2:09-2353-MBS-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Officer Ware; Officer Jenkins and Officer B. Zachary, | |
| Defendants. | |

This civil rights action, brought by a state detainee proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgement, and the plaintiff's motion to dismiss two defendants.

On September 9, 2009, the plaintiff, Lynwood Bernard Thompson, brought this action and named Officer Worthy, also known as Officer Ware, Officer Jenkins, and Officer B. Zachary as defendants. Thompson complains about "jail conditions" at the Fort Mill City Jail, the denial of medical care and clean drinking water there, and an allegedly "false arrest" relating to the plaintiff's pending criminal case. He seeks damages and equitable relief.

On January 28, 2010, Defendants Jenkins and Zachary filed a motion for summary judgment. Plaintiff was provided a copy of

1

the motion, and on January 29, 2010, he was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). In response to the motion, on February 8, 2010, Plaintiff filed a motion to voluntarily dismiss Defendants Jenkins and Zachary from the action. On February 11, 2010, Jenkins and Zachary agreed to a dismissal of the action with prejudice. It is therefore recommended that Defendants Jenkins and Zachary be dismissed with prejudice.

It is further recommended that named Defendant Worthy be dismissed without prejudice because he has never been served with the summons and complaint. Initially Plaintiff brought suit against "Officer Ware" and the two other defendants, Officers Jenkins and Zachary, and indicated that they should be served at the Fort Mill Police Department. On September 15, 2009, the summons and complaints were issued for the three defendants. On September 23, 2009, Defendant Zachary accepted service at the Ft. Mill Police Department and on September 24, 2009, Defendant Jenkins accepted service at the Ft. Mill Police Department. On November 16, 2009, the summons for Officer Ware was returned unexecuted by the United States Marshall who indicated that, "Fort Mill PD does not have an Officer Ware, more than 50 Wares in SCDMV."

On November 22, 2009, the undersigned filed an order that the plaintiff be provided a new summons and a new Form USM-285 for Officer Ware and that the plaintiff be given twenty (20) days to submit a new summons and Form USM-285. The plaintiff was also apprised of the requirements of Fed.R.Civ.P. 4(M) and the consequences of not timely serving the defendant.

On November 30, 2009, the plaintiff did not submit a new summons and Form USM-285, but rather responded to the order by indicating that he had made an unspecified "mistake" and that the officer he intended to sue is Officer Worthy, not Officer Ware. On December 3, 2009, the undersigned authorized service on Officer Worthy, and on April 19, 2010, the summons for Officer Worthy was returned unexecuted by the United States Marshall who indicated that, "No one by that name employed by Fort Mill PD."

Here, it does not appear that the plaintiff ever cured any deficiencies in his Form USM-285 and summons or ever served defendant Worthy with a summons and complaint. Proof of service must be made in accordance with the Federal Rules of Civil Procedure. Fed.R.Civ.P. 4(1). The plaintiff has never requested an extension of time to serve defendant Worthy and has not otherwise shown any good cause for his failure to serve him. See, Fed.R.Civ.P. 4(m).

Since there is no dispute that the plaintiff has failed serve defendant Worthy within 120 days of filing of the Complaint

in accordance with the Federal Rules of Civil Procedure, all claims against Worthy should be dismissed without prejudice.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the plaintiff's motion to dismiss with prejudice defendants Jenkins and Zachary be granted, that the action against Worthy be dismissed without prejudice for the plaintiff's failure to serve the summons and complaint on Worthy, thus depriving the court of personal jurisdiction over him, and that this matter be ended.

Respectfully Submitted,

*Robert S Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

May 11, 2010

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).